# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| SUSAN H. JONES, | DOCKET NUMBER |
| Appellant, | AT-0752-16-0353-I-1 |
| v. | |
| DEPARTMENT OF VETERANS AFFAIRS, | DATE: July 20, 2016 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Kerry Knox</u>, Esquire, Murfreesboro, Tennessee, for the appellant.

<u>Bradley Flippin</u>, Nashville, Tennessee, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1 The appellant has filed a petition for review of the initial decision, which dismissed her alleged involuntary retirement appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2 Effective December 31, 2014, the appellant retired from her position as a Financial Accounts Technician. Initial Appeal File (IAF), Tab 6 at 19. On March 13, 2015, she filed a formal equal employment opportunity complaint alleging that the agency discriminated against her on the basis of a disability and forced her to retire. *Id.* at 10‑11. On February 17, 2016, the agency issued a final agency decision (FAD) finding that it did not constructively discharge the appellant when she retired and that she failed to prove that the agency discriminated against her as alleged. *Id.* at 10‑16. The FAD notified the appellant of her mixed-case appeal rights. *Id.* at 16-17.

¶3 On February 26, 2016, the appellant timely appealed her alleged involuntary retirement to the Board and requested a hearing. IAF, Tab 1. The administrative judge issued a jurisdictional order informing the appellant that the Board lacks jurisdiction over voluntary actions, such as resignations and retirements, and ordered her to submit evidence and argument amounting to a nonfrivolous allegation that her retirement was involuntary because of duress, coercion, or

misrepresentation by the agency. IAF, Tab 3. In response, the appellant asserted that she felt she had "no choice but to retire" given the circumstances leading up to her retirement. IAF, Tab 5 at 9-10. By way of background, she explained that, in January 2014, the agency placed her on a 90‑day performance improvement plan (PIP) and that, although she successfully completed the PIP, the agency required her to sustain successful performance for a 1‑year period. *Id.* at 6. However, while experiencing a personal "crisis," her productivity decreased and, on October 29, 2014, the agency proposed to remove her for failure to meet her productivity standards during June, July, August, and September 2014. *Id.* at 7-8. The appellant stated to the deciding official that she had received medical help and that she needed some additional time to improve her performance while receiving medical treatment. *Id.* at 8-9. On December 12, 2014, the agency offered the appellant a Last Chance Agreement (LCA), which she considered to be "overbearing" because any single violation of the LCA would result in her removal without prior notice and she had to waive all of her rights to challenge the removal. *Id.* at 9. She further stated that, from discussions with the union, she understood that she could lose her retirement benefits if the agency terminated her under the LCA. *Id*. Thus, the appellant did not accept the terms of the LCA and instead retired. *Id.* 9‑10.

¶4    In the initial decision, the administrative judge found that the appellant failed to make a nonfrivolous allegation that her retirement was involuntary and dismissed the appeal without holding the appellant's requested hearing. IAF, Tab 8, Initial Decision (ID) at 1, 4-6. The appellant has filed a petition for review of the initial decision, and the agency has responded in opposition to her petition for review. Petition for Review (PFR) File, Tabs 1, 3.

¶5    Generally, the Board lacks the authority to review an employee's decision to retire, which is presumed to be a voluntary act. *Brown v. U.S. Postal Service*, 115 M.S.P.R. 609, ¶ 9, *aff'd*, 469 F. App'x 852 (Fed. Cir. 2011).

However, an appellant may overcome the presumption by showing that her retirement was the product of misinformation or deception by the agency, or of coercive acts by the agency, such as intolerable working conditions or the unjustified threat of an adverse action. *SanSoucie v. Department of Agriculture*, 116 M.S.P.R. 149, ¶ 14 (2011). An appellant is only entitled to a jurisdictional hearing over an alleged involuntary retirement if she makes a nonfrivolous allegation casting doubt on the presumption of voluntariness. *Id.*, ¶ 16. Nonfrivolous allegations of Board jurisdiction are allegations of fact that, if proven, could show Board jurisdiction over the matter at issue. *Id.*

¶6    As noted above, one means by which an appellant may rebut the presumption of voluntariness is by presenting sufficient evidence to show that her retirement was based on agency-supplied misinformation. *Id.*, ¶ 14. The appellant asserted below that the union informed her that she might lose her retirement benefits if the agency terminated her. IAF, Tab 5 at 9. The administrative judge found that, while it appeared that the appellant may have been given incorrect information, that misinformation was not provided to her by the agency. ID at 4-5. Although the appellant asserts again on review that she was laboring under misinformation when she decided to retire, she has not disputed the administrative judge's finding that the agency did not provide the misinformation. PFR File, Tab 1 at 7. Accordingly, we find that the appellant has failed to nonfrivolously allege that her retirement was involuntary due to misinformation supplied by the agency.

¶7    To establish involuntariness based on coercion, an appellant must show that the agency effectively imposed the terms of her retirement, she had no realistic alternative but to retire, and her retirement was the result of the agency's improper acts. *Staats v. U.S. Postal Service*, 99 F.3d 1120, 1124 (Fed. Cir. 1996). The doctrine of coerced involuntariness is "a narrow one" and does not apply if an employee retires due to "measures that the agency is authorized to adopt, even if those measures make continuation in the job so unpleasant … that [she] feels

that [she] has no realistic option but to leave." *Id.* "[T]he fact that an employee is faced with an unpleasant situation or that [her] choice is limited to two unattractive options does not make the employee's decision any less voluntary." *Id.*

¶8          When an appellant alleges that the agency took actions that made her working conditions so intolerable that she was driven to an involuntary resignation or retirement, the Board will find her retirement involuntary only if she demonstrates that the agency engaged in a course of action that made her working conditions so difficult or unpleasant that a reasonable person in her position would have felt compelled to retire. *Vitale v. Department of Veterans Affairs*, 107 M.S.P.R. 501, ¶ 20 (2007). On review, the appellant argues that she had no choice but to retire because she could not continue working for her same supervisors after the way they had treated her and could not trust them to give her "a reasonable chance of working out the [LCA]." PFR File, Tab 1 at 6-7. Although the appellant did not like the terms of the LCA and did not trust her supervisors, she nonetheless had a choice to accept the terms of the LCA, face removal pursuant to the proposed removal, or retire. The fact that she was dissatisfied with her choices does not render her ultimate decision to retire involuntary. *See Staats*, 99 F.3d at 1124. Furthermore, there is no indication that the agency acted improperly or took any unauthorized action regarding the proposed removal action or the LCA. Thus, we agree with the administrative judge that the appellant's choice between unpleasant alternatives did not render her retirement involuntary. ID at 4.

¶9          The appellant also appears to argue that the agency discriminated against her on the basis of disability by proposing her removal "shortly after learning [that] she suffered from a serious health condition." PFR File, Tab 1 at 6. The Board addresses allegations of discrimination and reprisal in connection with an alleged involuntary retirement only insofar as those allegations relate to the issue of voluntariness, i.e., whether, under all of the circumstances, the agency made

the appellant's working conditions so difficult that a reasonable person in the appellant's position would have felt compelled to resign or retire. *Vitale*, 107 M.S.P.R. 501, ¶ 20; *Markon v. Department of State*, 71 M.S.P.R. 574, 577-78 (1996). Here, the appellant's allegation that the agency acted in a discriminatory manner, even if proven true, fails to establish that the agency engaged in a course of conduct that made her working conditions so difficult that a reasonable person in her position would have felt compelled to retire. Thus, the appellant has not nonfrivolously alleged that her retirement was involuntary on the basis of discrimination.

¶10 The appellant further appears to argue that the agency discriminated against her by denying her request for a reasonable accommodation. PFR File, Tab 1 at 6. Specifically, she states that "she notified [her supervisors] that she wished to 'pursue all resources . . . available in order to recover from this major life event,' including the Agency's employee assistance program," and "requested that her supervisors consider these major life events in light of her job performance." *Id*. She contends that the agency denied these "accommodations" and instead proposed her removal. *Id.* Although a retirement may be rendered involuntary when an agency improperly denies an employee's request for a reasonable accommodation that would have enabled her to continue in her position, *see Hosozawa v. Department of Veterans Affairs*, 113 M.S.P.R. 110, ¶ 7 (2010), the appellant has not made such an allegation here, PFR File, Tab 1. Even assuming that her vague statements to her supervisors constituted a request for a reasonable accommodation, the appellant has not nonfrivolously alleged that the agency's response (or lack of a response) to her request rendered her working conditions intolerable or otherwise coerced her retirement. PFR File, Tab 1.

¶11 The appellant also argues that the agency failed to afford her an opportunity to demonstrate acceptable work performance while under medical care and failed to timely notify her of her work deficiencies. *Id*. at 6. Although these arguments may have been raised in a performance‑based action under title 5, chapter 43 if

the appellant had been removed pursuant to the notice of proposed removal, *see, e.g.*, *White v. Department of Veterans Affairs*, 120 M.S.P.R. 405, ¶ 5 (2013), the Board may only consider them here to the extent they relate to the voluntariness of the appellant's decision to retire, *see Vitale*, 107 M.S.P.R. 501, ¶ 20.  We find, however, that they have no bearing on the issue of voluntariness.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS[2]**

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance

---

[2] The administrative judge afforded the appellant mixed-case review rights.  ID at 9-11. However, when, as here, the Board lacks jurisdiction over an appeal, we provide notice of nonmixed-case review rights. *Conforto v. Merit Systems Protection Board*, 713 F.3d 1111, 1117-19 (2013).  We have provided the appellant the proper review rights here.

is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                          _____
                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.